IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ANN BREMUS,

    Plaintiff,

v.

CROFTON DIVING CORPORATION, and
CAMILLE CROFTON GOBRECHT,

    Defendants.

Civil No. 2:16-cv-700

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on a Motion to Dismiss (ECF No. 4) filed by Defendants Crofton Diving Corporation and Camille Gobrecht (hereinafter referred to singularly as "Crofton Diving"). The Motion is granted, and this suit is dismissed with prejudice. Another case is now the sole vehicle for determining entitlement to the funds sought by Plaintiff Ann Bremus.[1]

## I. BACKGROUND

Before the Court are two related cases: this action, *Bremus v. Crofton Diving Corp.*, No. 2:16-cv-700 (E.D. Va. Dec. 7, 2016), and *Crofton Diving Corp. v. Bremus*, No. 2:16-cv-734 (E.D. Va. Dec. 21, 2016). Both cases concern an employee retirement fund (a 401K) worth approximately $417,000, established by now-deceased Crofton Diving employee Michael Bremus. After Michael Bremus's death, his second wife, Ann Bremus, and his daughter, Jordan Bremus (Ann Bremus' stepdaughter) each claimed entitlement to his retirement fund. Jordan

---

[1] The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before it, and oral argument would not materially aid in the decisional process. *See* E.D. Va. Civ. R. 7(J).

Bremus anchors her claim in a 2003 beneficiary designation form, which names her as beneficiary of the fund. However, Ann Bremus contends that the terms of the retirement plan favor spousal beneficiaries, and that her 2011 marriage to Michael Bremus superseded the beneficiary designation made in 2003.

On November 15, 2016, Ann Bremus filed this suit in Portsmouth Circuit Court, alleging that Crofton Diving breached a fiduciary duty and violated the Employee Retirement Employee Retirement Income Security Act of 1974 ("ERISA"), by failing to promptly release the disputed funds to her. *See* Compl. ¶¶ 13-16 (ECF No. 1-1). Crofton Diving removed the action to this Court. *See* Notice of Removal (ECF No. 1).

On December 21, 2016, Crofton Diving brought a separate interpleader action in this Court, naming both Ann Bremus and Jordan Bremus as defendants. *See* Compl., *Crofton Diving*, No. 2:16-cv-734 (E.D. Va. Dec. 21, 2016). In the interpleader action, Crofton Diving moved to deposit the disputed funds with the Court, be dismissed from the proceedings, and be relieved of any liability. *See* Mot. for J. on the Pleadings, *Crofton Diving*, No. 2:16-cv-734 (E.D. Va. Mar. 2, 2017). The Court granted that Motion and advised that Crofton Diving would be dismissed from the suit after depositing the funds. *See Crofton Diving*, No. 2:16-cv-734, slip op. at 1-3 (E.D. Va. May 17, 2017). On June 6, 2017, Crofton Diving deposited $446,844.77 with the Court, which includes the retirement-fund principal plus interest. *See* Deposit Receipt, *Crofton Diving*, No. 2:16-cv-734 (E.D. Va. June 6, 2017).

## II. LEGAL STANDARD

When dismissing a complaint, federal district courts must decide whether to dismiss with or without prejudice. A dismissal with prejudice "is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties." *Harrison v. Edison Bros. Apparel Stores, Inc.*, 924 F.2d 530, 534 (4th Cir. 1991). Conversely, a dismissal

without prejudice "operates to leave the parties as if no action had been brought at all." *Dove v. CODESCO*, 569 F.2d 807, 809 n.3 (4th Cir. 1978). Despite this distinction, both types of dismissal share one important characteristic: the termination of the specific action (or claim). *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); *see also United States v. California*, 507 U.S. 746, 756 (1993) ("A dismissal without prejudice terminates the action and concludes the rights of the parties in that particular action.").

Whether to dismiss a claim with or without prejudice generally lies within the discretion of the district court. *See Carter v. Norfolk Comm. Hosp. Ass'n*, 761 F.2d 970, 974 (4th Cir. 1985); *see also Payne v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006). When a complaint is incurable through amendment, dismissal with prejudice is proper. *See Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008); *see also Gadda v. State Bar of Cal.*, 511 F.3d 933, 939 (9th Cir. 2007).

### III. ANALYSIS

In the case at hand, Ann Bremus alleges that Crofton Diving breached a fiduciary duty by failing to promptly release the disputed funds to her. *See* Compl. ¶¶ 1-2. When faced with Ann Bremus's pre-suit demands to remit the funds, Crofton Diving demurred out of concern over legal propriety. *See* Surreply at 1 (ECF No. 9). The company observed that a recent Supreme Court ruling raised the possibility that Jordan may be entitled to some of the disputed funds. *See id.* at 1-2 (citing *Hillman v. Maretta*, 133 S. Ct. 1943, 1945 (2013) (holding that a federal statute preempts a Virginia statute governing when an employee's marital status changes but he or she fails to update his or her life insurance beneficiary designation prior to death)). Consequently, Crofton Diving filed the interpleader action to resolve the dispute. *See* Compl., *Crofton Diving*, No. 2:16-cv-734 (E.D. Va. Dec. 21, 2016).

3

"Interpleader is a form of joinder open to one who does not know to which of several claimants he or she is liable . . . . It permits the person to bring the claimants into a single action, and to require them to litigate among themselves to determine which, if any, has a valid claim." CHARLES A. WRIGHT & MARY KAY KANE, FEDERAL PROCEDURE DESKBOOK § 79 (2017). The interpleader action was developed in common law to be "an equitable rather than a legal procedure." *Id.* In keeping with its equitable purpose, Federal Rule of Civil Procedure 22 permits an interpleader action "whenever there are multiple claimants whose claims are such that the plaintiff—called the stakeholder—is or may be exposed to double or multiple liability. . . ." *Id.* "[T]he purpose is to protect against double vexation in respect to a single liability, rather than to prevent a double liability . . . ." *Id.*

Crofton Diving inpled the disputed funds so that the parties claiming entitlement—Ann and Jordan Bremus—could litigate the issue without Crofton Diving's involvement. *Crofton Diving*, slip op. at 1-3. After depositing the funds, Crofton was "discharged from all liability . . . regarding the disposition of the deposited funds." *Id.* at 1. The Court enjoined Ann and Jordan Bremus preliminarily and permanently from the "institution or prosecution" of "any other proceedings in any other court against [Crofton Diving] with regard to the deposited funds or their distribution." *Id.* The parties agree that this Court's injunction requires dismissal of the instant suit. However, contrary to Ann Bremus's assertions, it also precludes her from re-asserting a future breach of fiduciary duty claim. Therefore, her suit must be dismissed with prejudice.

When a disinterested third party interpleads funds, courts will ordinarily bar a subsequent suit for breach of fiduciary duty that is premised on failure to remit the disputed funds. In *Prudential Ins. Co. of America v. Hovis*, an insurer filed an interpleader complaint and one of the

potential beneficiaries counterclaimed, alleging the insurer acted negligently and in bad faith in its handling of policy changes. 553 F.3d 258, 259 (3rd Cir. 2009). The district court below had ruled that the insurer had properly brought an interpleader action against the defendants, and was therefore shielded from further liability. The Third Circuit affirmed, holding that when "the stakeholder bears no blame for the existence of the ownership controversy," it is not liable for claims directly related to its failure to resolve the underlying dispute in a claimant's favor. *Id.*

Similarly, in *CMFG Life Ins. Co. v. Schell*, a life insurance company brought an interpleader action seeking to resolve competing claims by potential beneficiaries. No. 13-3032, 2014 WL 7365802, at *1 (D. Md. Dec. 22, 2014). In that case, one of the potential beneficiaries filed a counterclaim against the company for breach of fiduciary duty. *Id.* His claim was premised on the company's failure to pay the life insurance funds. *Id.* The court held that because "there [were] legitimately competing claims over the validity of the change in beneficiary," the company was not liable for a counterclaim based upon its failure to pay the funds in one beneficiary's favor. *Id.* at *3.[2]

In this case, Ann Bremus seeks to dismiss her breach of fiduciary duty claim without prejudice, so that she may retain the right to sue Crofton Diving in the future. *See* Surreply at 3. That claim would be premised on Crofton Diving's failure to resolve the funds controversy in her favor and promptly disperse the funds. *See* Compl. ¶¶ 12-19. This is not permitted. The Court granted Crofton Diving's Motion for Judgment on the Pleadings in the interpleader action, finding interpleading to be proper. *Crofton Diving*, slip op. at 1, 3. Because of this, Crofton

---

[2] *See also, e.g., Commerce Funding Corp. v. S. Fin. Bank*, 80 F. Supp. 2d 582, 586 (E.D. Va. 1999) (dismissing counterclaim for breach of contract against stakeholder because party's argument that stakeholder should have turned over the funds to the party was "precisely the issue to be decided in the claim for interpleader"); *ReliaStar Life Ins. Co. v. Lormand*, No. 3:10-cv-540, 2011 WL 900113 at *5 (E.D. Va. Mar. 11, 2011) (dismissing counterclaim for breach of contract because stakeholder was protected from counterclaim based on the inpled funds); *J.G. Wentworth Origination, LLC v. Mobley*, No. 11-1406, 2012 WL 4922862 at *7 (D. Md. Oct. 12, 2012) (finding that counterclaim for promissory estoppel/detrimental reliance was a claim to the stake in disguise because it was premised on the resolution of the interpleader in favor of another claimant).

Diving cannot be held liable for failing to remit the disputed funds to either claimant. *See Prudential Ins. Co. of America*, 553 F.3d at 261; *see also CMFG Life Ins. Co.*, 2014 WL 7365802 at *3.

Furthermore, allowing Ann Bremus to assert these claims against Crofton Diving is inconsistent with the federal interpleader statute and undermines its equitable purpose. Interpleader is a joinder device that "prevents the stakeholder from being obliged to determine at his peril which claimant has the better claim." 7 ARTHUR R. MILLER ET AL., FEDERAL PRACTICE AND PROCEDURE § 1702 (3d ed.). Once the funds have been inpled, the interested parties "shall fight it out at their own expense" rather than inflicting needless costs on the unlucky stakeholder caught in the middle of the conflict.[3] *Evans v. Wright*, (1865) 12 L.T. 77, 79 (Willes, J.) (Eng)). "The mere statement of the principle shows its justice." *Id.*

Ann Bremus contends that Crofton Diving agrees that she is entitled to the funds. *See* Surreply at 1. This assessment has no impact on whether the interpleader action provides protection from a breach of fiduciary duty suit. "[I]nterpleader will be allowed even though one of the claims is not meritorious, so long as it is not . . . utterly baseless." WRIGHT & KANE, *supra*, § 79. Where competing claims exist, the stakeholder is entitled to invoke interpleader's protection regardless of her assessment of the claims' merits. *See* ARTHUR R. MILLER ET AL., *supra*, § 1702. This fulfills interpleader's purpose to protect the stakeholder "from the vexation of multiple suits and the *possibility* of multiple liability that could result from adverse determinations in different courts." *Id.* (emphasis added).

---

[3] The Court notes that "interpleader can be employed to reach an early and effective determination of disputed questions with a consequent saving of trouble and expense for the parties. As is true of the other liberal joinder provisions in the federal rules, interpleader also benefits the judicial system by condensing numerous potential individual actions into a single comprehensive unit with a resulting savings in court time and energy." ARTHUR R. MILLER ET AL., *supra*, § 1702. Here, these benefits of interpleader were unfulfilled because Ann Bremus prematurely filed the instant suit.

6

Having properly filed an interpleader action to resolve the retirement-fund dispute, Crofton Diving cannot now be subject to liability for failing to resolve the dispute in one claimant's favor. Ann Bremus's breach of fiduciary duty claim is incurably infirm. Therefore, dismissal with prejudice is appropriate. *See Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008).

## IV. CONLUSION

For the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 4) is **GRANTED** pursuant to Federal Rule of Civil Procedure 12(b)(6). The Complaint (ECF No. 1) is **DISMISSED with prejudice.**

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

September 22nd, 2017
Norfolk, Virginia